# United States District Court
## Eastern District of Michigan

| United States of America | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| JANAROL ALI DICKENS | Case Number: 14CR20556-1 |
| | USM Number: 05566-104 |
| | |
| | MARTIN E. CRANDALL |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ Pleaded guilty to count(s)  **1 of Indictment**.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2244(b) | Abusive Sexual Contact | 6/11/2012 | 1 |

   The defendant is sentenced as provided in pages **2 through 6** of this judgment.  This sentence is imposed pursuant to the Sentencing Reform Act of 1984

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 18, 2015
Date of Imposition of Judgment

s/Victoria A Roberts
United States District Judge

3/24/2015
Date Signed

DEFENDANT:  JANAROL ALI DICKENS
CASE NUMBER:  14CR20556-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:  **12 months**

The court makes the following recommendations to the Bureau of Prisons:  **The Court recommends placement in FCI Coleman in the Middle District of Florida.**

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prison: **as notified by the United States Marshal.**

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ a
_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

DEFENDANT:  JANAROL ALI DICKENS
CASE NUMBER:  14CR20556-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **1 year to be served in the Southern District of Florida.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.  Revocation of supervised release is mandatory for possession of a controlled substance.

■ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

**1)**  the defendant shall not leave the judicial district without the permission of the court or probation officer;

**2)**  the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

**3)**  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

**4)**  the defendant shall support his or her dependents and meet other family responsibilities;

**5)**  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

**6)**  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

**7)**  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

**8)**  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

**9)**  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

**10)**  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

**11)**  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

**12)**  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

**13)**  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

**14)**  the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT:  JANAROL ALI DICKENS
CASE NUMBER:  14CR20556-1

# SPECIAL CONDITIONS OF SUPERVISION

■ The defendant shall participate in a program approved by the Probation Department for substance abuse which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol.  ■ If necessary.

**1.  The defendant shall participate in a sex offender treatment program to include psychological testing and polygraph examination.  Participation may include inpatient/outpatient treatment.  The defendant will contribute to the costs of the services rendered (co-payment) based on ability to pay or availability of third party payment.**

**2.  The defendant shall participate in an approved treatment program for mental health/substance abuse and abide by all supplemental conditions of treatment.  Participation may include inpatient/outpatient treatment.  The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.**

**3.  The defendant shall submit to the U.S. Probation Officer conducting periodic unannounced searches of the defendant's person, property, house, residence, vehicles, papers, computer(s), other electronic communication or data storage devices or media, including retrieval and copying of all data from the computer(s) and any internal or external peripherals and effects at any time with or without warrant by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.  The search may include the retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with other supervision conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection; and to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use.**

**4.  The defendant shall obtain prior written approval from the Court before entering into any self-employment.**

**5.  The defendant shall surrender his United States Passport and/or any other passport he may have to the probation department during the term of supervised release and will not travel outside of the district without permission from the probation department or outside of the United States without prior approval from the Court.**

**6.  The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days unless excused for schooling, training or other acceptable reasons.  Further, the defendant shall provide documentation including, but not limited to pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and other documentation requested by the U.S. Probation Officer.**

DEFENDANT: JANAROL ALI DICKENS
CASE NUMBER: 14CR20556-1

# CRIMINAL MONETARY PENALTIES

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS:** | $ 100.00 | $ 0.00 | $ 0.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS:** | $ 0.00 | $ 0.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  JANAROL ALI DICKENS
CASE NUMBER:  14CR20556-1

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The Court waives the imposition of a fine, the costs of incarceration and the costs of supervision due to the defendant's lack of financial resources.